IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KRAUS USA, INC.,**<br><br>                          Plaintiff,<br><br>v.<br><br>**SERGIO MAGARIK a/k/a SERGEI MAGARIK, VONN, LLC a/k/a VONN LIGHTING, LLC d/b/a VONN LIGHTING, LENNY VALDBERG, VIGO INDUSTRIES, LLC, and NIGEL CHALLENGER**<br><br>                          Defendants. | No. 1:17-cv-06541-ER |

## JOINT CONFIDENTIALITY AGREEMENT AND ORDER

**WHEREAS,** in the interest of facilitating the just, speedy and inexpensive determination of the above-captioned matter and in the interest of protecting the legitimate interests of the parties in maintaining the confidentiality of certain information to be disclosed during the course of the litigation, including any settlement negotiations;

**NOW THEREFORE, IT IS HEREBY AGREED** in this Joint Confidentiality Agreement and Order ("Agreement") as follows by and between Kraus USA, Inc. ("Plaintiff"), on the one side, and Sergio Magarik a/k/a Sergei Magarik, Vonn, LLC d/b/a Vonn Lighting, Lenny Valdberg, Vigo Industries, LLC, and Nigel Challenger (collectively, "Defendants"), on the other side, (Plaintiff and Defendants are referred to herein collectively as the "Parties" and each singularly as a "Party"):

"Confidential Material" shall include documents and communications designated as confidential by any party in this matter in accordance with Paragraph 3 hereof, as defined in Local Civil Rule 26.3(c) and Fed. R. Civ. P. 34(a), including, but not limited to, deposition testimony,

interrogatory answers, responses to requests for admission, and affidavits, or otherwise identified as such in accordance with the provisions below.  "Confidential Material" shall be accorded the protections referred to in this Agreement.

"Confidential-Attorneys' Eyes Only Materials" or "AEO Materials" shall mean any document, including but not limited to deposition testimony, designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" where it contains the Producing Party's trade secrets; sensitive financial information; competitively sensitive technical, marketing, financial, sales, or other proprietary or confidential business information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about the party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the Producing Party at a competitive disadvantage if the information became known to employees of the Receiving Party or third parties.

"Confidential Information" shall mean and refer to either and/or both "Confidential Material" and "Confidential-Attorneys' Eyes Only Materials."

"Producing Party" means a party or non-party that produces Confidential Information in this action.

"Receiving Party" means a party or non-party that receives Confidential Information in this action.

The "Designating Party" means the party designating any document or material to be "Confidential Information" consistent with the terms of this Agreement.

"Matter" or "this matter" shall refer to the above-captioned action and any related proceedings.

1.      A Designating Party may designate as Confidential Information any document or material the Designating Party produces in discovery or during any settlement discussions if the Designating Party has a good faith belief that such designation is warranted based on the nature and content of the information designated as Confidential.

2.      Acceptance by any party of a document or material designated as Confidential Information shall not constitute a concession that any such discovery material is appropriately so designated.

3.      Documents and other discovery materials may be designated as Confidential Information as follows: (i) by affixing a legend or stamping so indicating to every page of the document at the time of production; or (ii) by agreement in writing between the producing and receiving parties at any time.

4.      Under no circumstances shall Confidential Information be disclosed to any person or entity except as expressly permitted in this Agreement. All Confidential Information shall be used only for the purposes of this matter and shall not be used for any other purpose except upon written consent of the Designating Party or Order of the Court, unless the Confidential Information was obtained by proper means and independently of the Designating Party's production or disclosure as required by law to be made available without reservation with respect to confidentiality. The obligations imposed by this paragraph shall continue even after the termination of this litigation, unless otherwise ordered by the Court or agreed in a writing signed by all parties hereto.

5. Confidential Information shall be held in confidence and shall not be directly or indirectly disclosed to any person or entity other than:

    (a) the judge and magistrate judge presiding over any aspect of this action or any person designated by the Court in the administration of this matter, provided the Confidential Information is not disclosed in a public filing without redactions agreed to by the Designating Party or as Ordered by the Court or otherwise inconsistently with paragraphs 7, 8 and 14 of this Agreement;

    (b) the attorneys for the parties and their respective support staff and/or paralegals working with them on this matter;

    (c) individual parties or any director, officer or executive of any party and employees reasonably involved in the litigation; and

    (d) experts or consultants engaged by a party's attorney to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit "A".;

6. Prior to any disclosure of Confidential Information to a person or entity referred to in paragraphs 5(c) or 5(d) herein, such person or entity shall: (a) be advised by counsel making such disclosure that such documents and information shall be kept confidential and may not be disclosed in any form or used for any purpose whatsoever other than the preparation of this case for trial or for use at trial; (b) read this Agreement; and (c) sign the Agreement Concerning Confidential Information attached hereto as Exhibit A. A copy of each such signed Agreement Concerning Confidential Information shall be maintained by counsel making the disclosure, and all copies may be subject to inspection upon application of opposing counsel for good cause shown.

7. All Confidential Information which is submitted to the Court in connection with a motion or other pre-trial matter or otherwise in this action shall be submitted under seal.

8. Any document, material, testimony, or thing that a party in good faith believes to contain AEO Materials may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY EYES ONLY." Any document,

material, testimony or thing designated "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY EYES ONLY" may only be used to prosecute or defend this action and shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

a.  Outside attorneys of record in this lawsuit and their supporting attorneys and staff (e.g., copying and document management personnel).

b.  Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A.

c.  The author or recipient of the Highly Confidential Information or any deposition witness who is appearing on behalf of the party that produced the Highly Confidential Information.

d.  This Court and its staff members.

9.  In the event of a dispute between counsel regarding the scope of Confidential Information (highly or otherwise), counsel agree to meet promptly to review and attempt to resolve informally issues concerning the document or material.  If such meeting fails to resolve any disputes, the Designating Party shall promptly seek the Court's assistance, it being understood that it is the Designating Party's burden to sustain its position that Confidential Information should not be shown or disclosed.  If the Designating Party fails to make a letter request to the Court via ECF filing within twenty (20) days of being advised in writing of a dispute in this regard, the confidentiality designation, to the extent that it was disputed in such writing, shall be deemed waived, unless the Non-Designating Party consents to extend such time. The parties hereto consent to empowering the Court with full authority to enforce any and all provisions hereof and to Order such procedures as may be required to protect the confidentiality of any Confidential Information

that is offered and/or entered as evidence in the course of these proceedings or produced during discovery.  Pending the Court's resolution of such issues, such material shall remain designated as Confidential Information, provided the Designating Party has made the application to the Court within the time provided for herein.

   10. The inadvertent or unintentional production of documents or material without a confidentiality designation shall not be deemed a waiver in whole or in part of a party's claim of confidential treatment under the terms of this Agreement.  A producing party may notify the receiving party that documents or material that should have been designated Confidential Information were inadvertently produced without being so designated.  Upon receiving such notice from the producing party, all such documents and materials shall be deemed Confidential Information and arrangements made to designate such documents and materials as confidential pursuant to paragraph 3 of this Agreement. The receiving party shall also make all reasonable efforts to retrieve any copies of such inadvertently produced material from any persons not authorized under paragraph 5 to receive such documents and materials.

   11. The inadvertent or unintentional disclosure by any party of documents or materials protected by the attorney-client privilege or work product doctrine will not constitute a waiver of any available privilege or protection by the disclosing party, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.  Upon the request of the producing party, if such request is made within forty-five (45) days of the final termination of this matter, the receiving party shall promptly return or destroy any attorney-client privileged or work product protected document and any copies thereof, and destroy all notes and other materials referring to the attorney-client privileged or work product protected information.  No such inadvertently produced attorney-client

6

privileged or work product protected document or information may be used in evidence against the producing party.  Upon returning the information or item, the receiving party may challenge the designation of the information or item as privileged before the Court, but the receiving party shall bear the burden of proving the specific claimed privilege is not applicable.

12. Nothing contained in this Agreement shall affect, limit or restrict the rights of any party with respect to its own documents.  Further, nothing in this Agreement shall restrict or limit a party's right or ability to enforce any rights (contractual, statutory or otherwise) respecting confidential information, trade secrets and other personal or proprietary information.

13. Nothing contained in this Agreement shall affect, limit or restrict the rights of any party to object to any discovery or other production request or otherwise operate as, or be deemed, a waiver of the right to oppose production or to decline to produce any document or material.  If Confidential Information in the possession of any party are responsive to any subpoena or any other form of compulsory process of the Court, or any other administrative, judicial or legislative body, or if any other persons or tribunal purporting to have authority seek such information by compulsory process, the party to whom the process or inquiry is directed shall give written notice within ten (10) business days of receipt of such process or inquiry to the producing party.

14. Within forty-five (45) days after the final termination of this matter, a party that produced Confidential Information may request, at its election, either the return or destruction of all such material and of other documents containing information or data from the Confidential Information, and all copies thereof made by or on behalf of the receiving party, and the receiving party shall comply with such request unless otherwise ordered by the Court.  The receiving party shall certify to the producing party, in writing, that all of the produced Confidential Information has been returned and/or destroyed, whichever was requested by the producing party.

BE:11069634.1/VIG011-272998

15. Producing or receiving Confidential Information or otherwise complying with the terms of this Agreement shall not:

   (a) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

   (b) Prejudice in any way the rights of any party to object to the admissibility into evidence of any document, testimony or the evidence subject to this Agreement;

   (c) Prejudice in any way the rights of any party to seek a determination by the Court whether any information, documents or material, designated as Confidential Information should be so designated and subject to the terms of this Agreement;

   (d) Prejudice in any way the rights of any party to petition the Court for a protective order relating to any purportedly Confidential Information.

**STIPULATED, AGREED, AND CONSENTED TO THIS 5th DAY OF JUNE 2020.**

FOX ROTHSCHILD, LLP

By: */s/Ely Goldin*
   Ely Goldin, Esquire
   101 Park Avenue, Suite 1700
   New York, NY 10017
   (212) 878-7900
   *Attorneys for Kraus USA, Inc., Russell Levi, Michael Rukhlin, Dan Lusby, Kraus China and Enpower, LLC*

BRACH EICHLER LLC

By: */s/Bob Kasolas*
   Bob Kasolas, Esquire
   101 Eisenhower Parkway
   Roseland, NJ 07068
   (973) 228-5700
   *Attorneys for Sergio Magarik, Vonn, LLC, Lenny Valdberg, Vigo Industries, LLC, And Nigel Challenger*

Signed this 5th day of June 2020

SO ORDERED:

_____
EDGARDO RAMOS
U.S.D.J.

BE:11069634.1/VIG011-272998

## EXHIBIT A

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that (s)he has been given a copy of, and has read, the "Joint Confidentiality Agreement and Order" pertaining to the case entitled *Kraus USA, Inc. v. Magarik, et al.*, in the United States District Court, Southern District of New York, Case No. 1:17-cv-6541 (ER), understands the terms thereof, and agrees to be bound by any and all such terms.

_____        _____
Date                                                             Signature

                                                                 _____
                                                                 Name (print)

BE:11069634.1/VIG011-272998