**MEMO ENDORSED**



10 Sentry Parkway
Suite 200 P.O. Box 3001
Blue Bell, PA 19422-3001
Tel (610) 397-6500  Fax (610) 397-0450
www.foxrothschild.com

ELY GOLDIN
Direct No: 610.397.6509
Email: EGoldin@FoxRothschild.com

> Counterclaim Defendant Todd Alexander's request to file his confidential settlement agreement with Counterclaimaint Vigo Industries, LLC is granted.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 12/1/2020
> New York, New York

December 1, 2020

**Via ECF**
The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      **Re: *Kraus USA, Inc. v. Sergio Magarik, et al.*, Case No. 1:17-cv-06541-ER**

Dear Judge Ramos:

      Counterclaim Defendant Todd Alexander submits this letter motion for leave to file a confidential settlement agreement under seal in support of his pre-motion conference letter dated November 30, 2020.  (*See* Dkt. No. 191, Pre-Motion Conference Letter.)  A copy of the confidential settlement agreement that Alexander seeks to file under seal is attached hereto as Exhibit A.  Alexander requests that the Court authorize him to file the document on the docket under a "Selected Parties" viewing level, such that it will be accessible only by the Court and counsel of record.

      In his pre-motion conference letter, Alexander requested a conference with the Court to address his anticipated motion for judgment against Counterclaimant Vigo Industries, LLC with respect to its counterclaims against Kraus and Alexander.  The Court granted Alexander's request, and the conference is scheduled for December 3, 2020.  (*See* Dkt. No. 193, Order Granting Request for Pre-Motion Conference.)  As set forth in Alexander's letter, the forthcoming motion will show that the counterclaims are barred by a stipulation of dismissal and a confidential settlement agreement that resolved a parallel case that Vigo filed against Alexander and a third party in the District of New Jersey.  (*See* Dkt. No. 191.)  Vigo also references the confidential settlement agreement several times in its counterclaims, which are



The Honorable Edgardo Ramos
December 1, 2020
Page 2

based in large part on Kraus and Alexander's alleged conspiracy to breach the settlement agreement.  (*Id.* at pp. 2-3.)

"[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases."  *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) (citing *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 857 (2d Cir.1998) and *Palmieri v. State of New York,* 779 F.2d 861, 864 (2d Cir.1985)).  Consistent with this policy, courts in this Circuit have granted requests for leave to file confidential settlement agreements under seal.  *See*, *e.g.*, *Sulzer Mixpac AG v. DXM Co., Ltd.*, Civ. A. No. 19-9404, 2020 WL 3619047, at *2 n. 2 (S.D.N.Y. July 2, 2020) (discussing order granting leave to file sealed copy of parties' prior settlement agreement).

This Court should likewise grant leave to file the subject confidential settlement agreement under seal.  The public has no interest in the contents of the settlement agreement between Alexander and Vigo, and thus, no public interest will be harmed if the Court allows Alexander to file it under seal.  Moreover, the parties to the settlement agreement agreed to keep it confidential, and maintaining its confidentiality will promote potential settlement in this case and the parties' other, ongoing state and federal litigation.

\* \* \*

For the reasons set forth above, Alexander requests leave to file Exhibit A under seal in support of his pre-motion conference letter dated November 30, 2020.

Respectfully,

Ely Goldin

Enclosures
cc:     All Counsel of Record (*via* ECF.)

# EXHIBIT A
# TO BE FILED UNDER SEAL