UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRAUS USA, INC.,

                Plaintiff,

      v.

SERGIO MAGARIK a/k/a SERGEI MAGARIK, VONN, LLC a/k/a VONN LIGHTING, LLC d/b/a VONN LIGHTING, LEONID VALDBERG, VIGO INDUSTRIES, LLC, and NIGEL CHALLENGER,

                Defendants.

---

VIGO INDUSTRIES LLC,

        Counterclaim & Third-Party Plaintiff,
      v.

KRAUS USA, INC,

        Counterclaim Defendant,

     and

TODD ALEXANDER,

        Third-Party Defendant.

**ORDER**

17 Civ. 6541 (ER)

RAMOS, D.J.

      The Court assumes familiarity with the facts and procedural posture of this action as previously set forth in its May 12, 2020 Opinion and Order and August 6, 2020 Order. Docs. 166, 185. At the pre-motion conference held on December 3, 2020, the Court granted the Kraus Parties leave to file a motion to dismiss Vigo's counterclaims based on the parties' settlement of a previous action, *Vigo Industries, LLC v. Alexander et al.*, No. 17 Civ. 3809 (D.N.J.). The Court also extended the deadline to complete fact discovery until the end of expert discovery, and

warned Defendants' counsel that letters submitted to the Court must be no longer than three pages.  On December 23, 2020, the Kraus Parties filed their motion to dismiss the counterclaim.  Doc. 200.  On December 28, 2020, Defendants submitted a four-page letter requesting (1) to strike portions of the Kraus Parties' motion for raising arguments not described in their pre-motion letter, (2) production of the asset purchase agreement for the sale of Kraus to Masco Corp., and (3) an order compelling Kraus to produce Todd Alexander, Michael Rukhlin, and Russell Levi for depositions.  Doc. 203.  On January 4, 2021, the Kraus Parties responded, arguing that (1) the scope of their motion was consistent with their pre-motion letter, (2) the asset purchase agreement is irrelevant, (3) requesting a motion to compel Vigo's response to their discovery requests and (4) that the Court strike Defendants' oversized December 28 letter.  Doc. 205.

Accordingly, the Court directs Defendants to make their arguments regarding striking portions of the pending motion to dismiss in their response to that motion, due January 23, 2021.  Defendants' further requests, for production of the asset purchase agreement between Kraus and Masco. Corp. and for an order compelling production of Alexander, Rukhlin, and Levi for depositions, are denied without prejudice.  The Kraus Parties' request for leave to file a motion to compel is also denied.  The parties are directed to meet and confer on any remaining discovery disputes before raising them with the Court again.  Finally, the Kraus Parties' request to strike Defendants' December 28 letter, Doc. 203, is denied.  However, the Court renews its warning to both parties that failure to comply the Court's orders and individual practices may result in sanctions, including the Court striking non-compliant filings.

It is SO ORDERED.

Dated: January 5, 2021
New York, New York

_____
Edgardo Ramos, U.S.D.J.